HAZARD PARTELO *vs.* ALBERT B. HARRIS AND OTHERS.

The declarations of a grantor, of his intention to defraud his creditors, made to a third person, in the absence of the grantee, are inadmissible to prove fraud in the conveyance to such grantee.

To render a conveyance void as to creditors, on the ground that it was made with intent to defraud them, the grantee must have knowledge of and participate in the fraud of the grantor.

TROVER. The plaintiff, to prove his title to the property in question, offered in evidence a conveyance thereof to him by one Otis, in payment of a debt then due, with proof of delivery of the property.

The defendants, creditors of Otis, and who had attached the property as his, claimed that the conveyance was made by him for the purpose of defrauding his creditors and in pursuance of a fraudulent combination for that purpose between him and the plaintiff. To prove these facts they offered one Wheeler as a witness, who testified that Otis, while in possession of the property, and before its conveyance to the plaintiff, applied to him to draw a conveyance thereof to one Amos Partelo, and then declared to him that he, Otis, was indebted to sundry persons who, he feared, would attach the property, and that he made the conveyance to prevent them from so doing; also that the conveyance was drawn and Otis took it away with him. The plaintiff was not present and had no knowledge of these facts. He thereupon objected to the admission of the evidence, and the court rejected it.

The jury rendered a verdict for the plaintiff, and the defendants moved for a new trial for error in the rejection of the evidence.

*Wait* and *Young*, in support of the motion.

1. Considerable latitude should be allowed in the admission of evidence to impeach the conveyance from Otis to Partelo, the question arising between him and a creditor. All facts which conduce to prove the allegation of fraud are admissible, and each fact should not be singled out and

rejected because it alone has no bearing on the point, but all the facts should be admitted and taken together as one chain of connected facts and circumstances. *Kinzer* v. *Mitchell*, 8 Penn. S. R., 64. *Zerbe* v. *Miller*, 16 id., 488. *Field* v. *Liverman*, 17 Mo., 218.

2. To establish the fact of the fraudulent conveyance, it was necessary to prove, 1st. That the grantor made it with the intent and for the purpose of defrauding his creditors, and 2nd. That the grantee knew of this purpose, participated in it, and by his concurrence promoted it. *Merrill* v. *Meacham*, 5 Day, 341. The evidence to prove each of these propositions may be different in kind and source. Otis' declarations, under the circumstances in which they were made, conduced to prove the fraudulent intent of the grantor and should have been admitted for that purpose. *Bridge* v. *Eggleston*, 14 Mass., 245. *Foster* v. *Hall*, 12 Pick., 89. *Norton* v. *Pettibone*, 7 Conn., 323. *Higley* v. *Bidwell*, 9 id., 451. *Avery* v. *Clemons*, 18 id., 306. *Holt* v. *Walker*, 26 Maine, 109. *Parker* v. *Marston*, 34 id., 386. *Fisher* v. *True*, 38 id., 534. *McLanathan* v. *Patten*, 39 id., 142. *Covanhovan* v. *Hart*, 21 Penn. S. R., 495. *Hyde* v. *County of Middlesex*, 2 Gray, 267. *Burlingame* v. *Robbins*, 21 Barb., 327. *Pitts* v. *Wilder*, 1 Comst., 525. *Crary* v. *Sprague*, 12 Wend., 41. *Cavin* v. *Smith*, 21 Mo., 444. *Burgess* v. *Quimby*, id., 508. *Gibblehouse* v. *Strong*, 3 Rawle, 437. 1 Sw. Dig., 742. 2 Phil. Ev., (C. & H., ) 650 et seq.

*N. F. Dixon*, contra.

1. The evidence was properly rejected. 1st. It was irrelevant, because an attempt to transfer or a transfer of property to one person to defraud creditors, neither proves nor tends to prove that a subsequent transfer of the same property to another who has no knowledge of the previous transfer, is fraudulent. *Bucknam* v. *Barnum*, 15 Conn., 68. To furnish any presumption against the subsequent grantee, he must have knowledge of the fraud. *Beach* v. *Catlin*, 4 Day, 293. 2nd. It was merely hearsay testimony, the declaration

of a third person, who is a competent witness in the case. *Fitch* v. *Chapman*, 10 Conn., 8.

2. Declarations of a grantor in the absence of the grantee and without his knowledge, prior or subsequent to the execution of a deed, are not admissible to invalidate such deed. *Beach* v. *Catlin*, 4 Day, 284. *Barrett* v. *French*, 1 Conn., 365. *Pettibone* v. *Phelps*, 13 id., 445.

Ellsworth, J. The question made in this case we consider as having been settled in that of *Beach* v. *Catlin*, 4 Day, 284. The evidence offered there and rejected by the court, consisted of a proposition of the grantor to a third person, to make a fraudulent deed to him, not brought home to the knowledge of the grantee. The court say: " It was formerly the practice to admit what was said by a fraudulent grantor respecting his intent to defraud his creditors prior to the conveyance, as evidence in an action against the supposed fraudulent grantee, though he had no knowledge of it ; but this practice can not be warranted on principle, for the grantee ought not to be affected by the declarations of the grantor, unless they come to his knowledge; and though a grantor may have a fraudulent intent, this may be wholly unknown to the grantee and the transaction may be *bona fide* on his part." This decision has been followed to the present time. *Barrett* v. *French*, 1 Conn., 365. *Pettibone* v. *Phelps*, 13 id., 445. If, indeed, the grantee has knowledge of the fraud of the grantor, or of the *indicia* of his fraud, it will be safe and proper to hold him responsible accordingly, and let the jury pass upon the evidence ; but otherwise it should not be submitted to them, as it is not safe nor in harmony with the laws of evidence to allow counsel to press upon a jury the fraud of one man to make out fraud in another, without some proof of conspiracy or collusion being first introduced. Such evidence is unsafe because it is irrelevant, indirect and remote ; and Starkie speaking of it says : " To assert or write that a particular fact is true, is in itself, strictly speaking, a fact, but it is not one that is necessarily and immediately connected

with the transaction, and at all events it is not a fact which will generally afford any reasonable and fair presumption of the truth of the recited fact, but such as in general would tend only to prejudice and mislead."

We are aware that there are cases in Massachusetts, and possibly elsewhere, to the point, that to make a conveyance fraudulent there must be a fraudulent intent on the part of the grantor, and that it is proper to prove this by the acts and declarations of the grantor himself, even if the grantee has no knowledge of them; but this is not our law nor our practice. At all events, the great and necessary fact to be established is the fraud of the *grantee*, whose title is attacked for fraud of his own; without which no case of a fraudulent conveyance is proved, and with which a case is proved and established. A new trial is not advised.

In this opinion the other judges concurred.

New trial not advised.