EDWARD Y. THOMAS, TRUSTEE, *vs.* ANNA M. BECK AND OTHERS.

An insolvent debtor made a conveyance of real estate through a third person to his wife, and at the same time and place made a conveyance of other real estate to his minor daughter, the two conveyances covering substantially all the property of the debtor. The daughter was not present, but afterwards accepted the deed and claimed under it. Upon a petition brought by the trustee in insolvency against the daughter, to recover the real estate conveyed to her, it was held that, for the purpose of proving that the conveyance was fraudulent in fact, evidence of the other conveyance was admissible.

A conveyance by an insolvent of all his estate to his near relatives is presumptively fraudulent.

If such a conveyance is made to more than one person and by several deeds, all the deeds are admissible to raise the presumption.

PETITION by a trustee in insolvency, to set aside a conveyance made by the insolvent; brought to the Superior Court in New London county, and heard before *Loomis, J.*

The conveyance in question was made by Leonard M. Beck, the insolvent, to his minor daughter Anna M. Beck, on the 2d of January, 1871. On the 25th of March, 1871, Beck went into insolvency.

Upon the trial the petitioner offered evidence to prove that the conveyance was made when the grantor was insolvent, and the land conveyed composed the larger portion of his estate; that the conveyance was voluntary and without any consideration therefor, and that the indebtedness of the grantor at the time he made the conveyance for the most part remained unpaid.

VOL. XXXIX.—31

It was also claimed on the part of the petitioner, that the conveyance was fraudulent in fact, and made by the grantor with an intent to defraud his creditors; and for the purpose of proving such fraudulent intent the petitioner, in connection with other evidence, offered in evidence a deed from said Leonard M. Beck, to his brother-in-law, Peter Karoli, of an interest in a farm situated in the town of Ledyard, and also a deed from said Karoli to the wife of the said Leonard of the same interest in said farm; both of which deeds bore date the 2d day of January, 1871, and were made and executed by the said Leonard at the same time and place that his deed to the respondent Anna M. Beck was made and executed, and as a part of the same transaction, so far as several contemporaneous conveyances from the same grantor of different parcels of land to different grantees can be; that all the deeds were on the expressed consideration of one dollar; and that the property thus conveyed to the said wife and daughter, comprised substantially all of said Leonard's estate; but there was no evidence showing that said Anna M. Beck was present when any of the conveyances were made, or that she had any knowledge of the transaction at the time.

The respondents objected to the admission of the deeds from said Leonard to said Karoli, and from said Karoli to said Leonard's wife, but the court overruled the objection and admitted the evidence for the purpose for which it was offered.

The court passed a decree in favor of the petitioner, and the respondent moved for a new trial for error in the admission of the above evidence.

*Wait* and *Swan*, in support of the motion.

1. There was no evidence going to show that the respondent Anna M. Beck acted otherwise than in perfect good faith; and a fraudulent conveyance as against the grantor's creditors cannot be avoided unless those creditors can show that the grantee participated in the grantor's intent to defraud them. *Foster* v. *Hall*, 12 Pick., 89; *Bridge* v. *Eggleston*, 14 Mass., 245· *Partelo* v. *Harris*, 26 Conn., 480.

2.  A fraudulent transfer of property to one person does not prove that another transfer of different property to another person is likewise fraudulent; and in a case where there is no conspiracy to defraud, (and none was shown in this case, nor was any found in the finding of the court,) evidence of other like frauds is never admissible for the purpose of showing fraud presumptively, in some different transaction. *Staples.* v. *Smith*, 48 Maine, 470 ; *Edwards* v. *Warner*, 35 Conn., 517.

*Lucas*, contra.

BUTLER, C. J.  In this case there were conveyances by an insolvent of all his estate substantially, without consideration, to his wife and daughter.  Those conveyances were voluntary and fraudulent as against the creditors, and the petitioner who represents them, and justice has been done.

The petitioner claimed also that the conveyances were fraudulent in fact.  To show this he offered the deeds by which the transfer was made to the wife.  Those deeds were executed at the same time and place as one transaction.  To their admission the respondent objected, but they were clearly admissible.  It is elementary law that a conveyance by an insolvent of all his estate to his near relatives is presumptively fraudulent.  If such a conveyance is made to more than one and by several deeds, all are admissible to raise the presumption.  It is of no consequence that the respondent was not present at the transaction and did not know of it at the time.  She accepted the deed and claims under it, and holds it subject to its infirmities.

The case differs from that of *Partelo* v. *Harris*, 26 Conn., 480.  There there were two transactions totally independent of each other.  Here there was but one, which characterized all the deeds alike, and included all in a single presumption.

A new trial should be denied.

In this opinion the other judges concurred.