SENECA H. THRESHER, ADMINISTRATOR *vs.* CLINTON M. DYER, EXECUTOR.

Second Judicial District, Norwich, May Term, 1897. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The rule is well settled that this court has no jurisdiction to retry questions of fact which have been determined by the trial court upon competent evidence and in accordance with the rules of law.

A recital in the record of the testimony as actually given on the trial, is only necessary where the error of law claimed is that of finding a material fact without evidence. In almost all other instances its incorporation in the record is a useless and unjustifiable expense.

The Act of 1849 (General Statutes, § 2792) defining the property rights of husband and wife, does not compel the husband to assume the custody and management of his wife's personal property. He may, if he

pleases, permit his wife to enjoy and dispose of it as she sees fit; and the mere fact of a gift to the wife raises no legal presumption that he received and dealt with it as her statutory trustee.

A gift is not completed by the mere delivery of a check which remains unacted on in the hands of the payee.

[Argued May 25th—decided July 13th, 1897.]

ACTION to recover a sum of money claimed to have been received by the defendant's testator as statutory trustee of his wife, brought to the Superior Court in New London county and tried to the court, *Thayer, J.*; facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The complaint alleged the following facts: Charles E. Dyer and Sarah C. Buckingham intermarried at Norwich, September 2d, 1863. On said day Charles E. Dyer, as trustee of the personal estate of his wife, received the sum of $5,000 belonging to Sarah C. Dyer. The latter died intestate, October, 1864, and the use of said $5,000 was vested in said Charles E. Dyer during his life. He died January 15th, 1895, and said sum of $5,000 is now due from his estate to the estate of said Sarah C. Dyer and has never been paid. The defendant Clinton M. Dyer has duly qualified as the executor of Charles E. Dyer; and the plaintiff Seneca H. Thresher has duly qualified as administrator of the estate of Sarah C. Dyer. On May 18th, 1895, and within the time limited by the Court of Probate for presentation of claims, the plaintiff presented to the defendant, as such executor, said claim against the estate of Charles E. Dyer, for the amount of $5,000, which claim was disallowed by the defendant. The plaintiff claimed $6,000 damages.

The answer admitted the marriage, the deaths of Sarah C. and Charles E. Dyer, the appointments of the plaintiff and defendant, respectively, as administrator and executor, and the presentation and disallowance of the claim as alleged; and denied the allegations that Charles E. Dyer as trustee of the personal estate of his wife had received the sum of $5,000 belonging to her, that the use of said sum on Octo-

ber 13th, 1864, was vested in Charles E. Dyer during his life, and that said sum is now due from the estate of Charles E. Dyer to the estate of Sarah C. Dyer.

Upon rendering judgment for the defendant, the court found as the facts upon which the judgment was founded, the facts admitted by the pleadings, and further facts as follows: " The father of said Sarah C., at the time of said marriage, gave her as a wedding present his check for $5,000. . . . No administration was taken out on the estate of Sarah C. during the lifetime of her husband, nor until the present plaintiff was appointed administrator. . . . The evidence failed to prove, and the court does not find therefrom, that said Charles E. Dyer ever received said check or the proceeds thereof, or any portion of the same."

The finding also stated that " the plaintiff claimed to have proved that said Dyer received the proceeds of said check, and claimed as matter of law that he held it as statutory trustee for his wife ; that upon his death it vested in her administrator, and that the plaintiff was entitled to recover from the defendant the amount of said check. As above set forth, the court did not find the fact to be as claimed by the plaintiff, and rendered judgment for the defendant to recover his costs."

The plaintiff excepted to the refusal of the court to find that said Charles E. Dyer had received said $5,000, or any portion of the same ; and at the request of the plaintiff a certain portion of the testimony bearing on the question of fact was certified and, together with another portion of the testimony certified at the request of the defendant, was made a part of the record on this appeal.

The errors assigned in the appeal consist of alleged errors based on the contingency of this court finding, as a fact, that Charles E. Dyer, as statutory trustee, received $5,000 belonging to his wife,—except the following: " The court erred in disregarding all the testimony (it being wholly uncontradicted and unimpeached) bearing upon the question whether the said Charles E. Dyer ever received said $5,000."

*Solomon Lucas* and *Seneca S. Thresher*, for the appellant (plaintiff).

By virtue of § 2792 of the General Statutes, the gift of $5,000, immediately upon the marriage of the said Sarah C. Buckingham, vested in her husband as trustee, without any act on his part. *State* v. *French*, 60 Conn. 480; *Comstock's Appeal*, 55 id. 220; 23 Amer. & Eng. Ency. of Law, 298; Perry on Trusts, §§ 259–274, 438, 441. To waive or abandon his legal rights in relation to his wife's personal property, a husband must do some " act in respect to said property, indicating an intention to abandon " such rights. *Mason* v. *Fuller*, 36 Conn. 160. See also *Jennings* v. *Davis*, 31 id. 134, 142; *Williams* v. *King*, 43 id. 569. If the judgment of the Superior Court is to be considered equivalent to a finding that Dyer abandoned the trust imposed upon him by the statute, such a conclusion is unwarranted by the facts, and erroneous. No authority can be found to support it. This money was not the sole and separate estate of Mrs. Dyer. *Butler* v. *Buckingham*, 5 Day, 497; *Williams* v. *King*, *supra*. The plaintiff having shown such a state of facts as under the law would vest the custody and control of the money in Dyer as trustee, it then became incumbent upon the defendant to account for it; or, if he claimed that the testator had never accepted the trust, he must affirmatively show an express disclaimer, or such a tacit refusal of it on the part of the trustee as amounts to an express rejection.

*Frank T. Brown* and *W. A. Briscoe*, for the appellee (defendant).

Whether the defendant's testator ever received the $5,000 in question, was pure matter of fact, and settled by the finding. *Scott* v. *Spiegel*, 67 Conn. 357. The statute of 1849 was intended as a beneficial statute to enlarge the property rights of the wife. The trust thereby created was an express trust. *Conn. Trust & Safe Deposit Co.* v. *Security Co.*, 67 Conn. 443. In the case of an express trust no person can be charged as trustee, and no title vests in any person as trustee, unless he expressly or by implication accepts the office, or

in some way assumes its duties and liabilities. 1 Perry on Trusts, § 259. In this case the only acceptance of the office of trustee could be by receipt of the trust fund, or by taking proceedings to recover it. The receipt of the fund is, therefore, a preliminary and essential fact to be established by the plaintiff. This is not a "mere money demand." It is a claim for *trust assets* in the hands of the trustee of an express trust. *Conn. Trust & Safe Deposit Co.* v. *Security Co., supra.*

HAMERSLEY, J. Apparently the testimony certified fully justified the trial court in the conclusion of fact which it reached; but we cannot pass on this question. It is firmly settled by the decisions of this court that our jurisdiction does not extend to the re-trial upon the testimony, of the facts, based on some evidence, on which the judgment of a trial court, proceeding according to the rules of law, is founded. And it is immaterial whether such re-trial is sought under the claim that the court erred in reaching a conclusion of fact from the testimony, or under a claim of error in law because a judgment, plainly valid upon the facts settled by the trial court, would be as plainly invalid if it had been rendered on different facts such as might be settled by this court after a re-trial on the evidence. The thing actually sought, in either case, is a re-trial of facts by an appellate court whose jurisdiction relates only to the correction of errors in law. *Weeden* v. *Hawes,* 10 Conn. 50, 54; *Dudley* v. *Deming,* 34 id. 169, 174; *Styles* v. *Tyler,* 64 id. 432, 442, 450, 451; *Ketchum* v. *Packer,* 65 id. 544, 553; *Carroll* v. *Weaver,* ibid. 76, 79; *Curtis* v. *Bradley,* ibid. 99, 104; *Peltier* v. *Bradley, Dann & Carrington Co.,* 67 id. 42, 49; *Scott* v. *Spiegel,* ibid. 349, 357; *Enfield* v. *Ellington,* ibid. 459, 464; *Neilson* v. *Hartford Street Ry. Co.,* ibid. 466, 470; *Atwater* v. *Morning News Co.,* ibid. 504, 524.

In the Public Acts of 1895, p. 493 (Chap. 100) provision is made for including in the process of this court, a detailed statement of what took place upon the trial, furnished by the official stenographer and certified by the judge. While testimony so certified cannot affect the facts on which the judg-

ment rests, it may serve to supplement the story of the trial as told by the judge in the finding. In adjudicating the essential facts on which the judgment is founded, the trial court exercises its jurisdiction of fact, over which this court, if it appears that the trial court proceeded according to the rules of law, has no control; its only province being to determine whether those facts legally support the judgment.

The General Statutes, §§ 1107, 1111, furnish ample provision for the inclusion of such facts in the judgment, for the purpose of presenting the question whether the judgment is the true voice of the law upon the facts found. But in preparing the finding, i. e., reciting the incidents of the trial, the trial judge is not merely exercising the jurisdiction of fact belonging to his court; he is preparing a statement for this court, as a necessary part of the process of this court, and it is an incident of the jurisdiction of this court to obtain a correct recital in its process. Prior to the use of an official stenographer, the judge's notes were the only official source from which a history of the proceedings not on record could be obtained. Now, the notes of the stenographer certified by the judge as authentic can be made a part of the process and may be considered by this court in connection with the recital of the judge—not for the purpose of retrying the facts on which the judgment is founded—but in determining whether the alleged errors in law did intervene in the conduct of the trial. For such purpose the whole authentic story of the trial as it appears in the process of appeal may be considered. A statement of the testimony as actually given is only necessary where the error in law of finding a material fact in the absence of evidence is claimed; occasionally such statement may be useful in showing the conditions under which rulings in respect to evidence have been made, and possibly, in showing how principles of law, such as the burden of proof, or the legal effect of a contract found, entered into and influenced erroneously the conclusions of fact, or in explaining the meaning of language used by the judge in the finding. But in most cases, burdening the appeal with testimony serves merely a useless and unjustifiable expense; and always so, when, as

in this case, its real purpose is to obtain from this court a re-trial of the facts on testimony. As was said in *Styles* v. *Tyler, supra*, p. 461 : " It must be remembered, however, that while the prescription of the contents of the record is a matter of procedure, and may be wholly within the legislative discretion, yet the mere incorporation in the record of matters not pertinent to the correction of errors in law, cannot affect the judgments of this court in the exercise of its jurisdiction." And by an unanimous court in *Atwater* v. *Morning News, supra*, p. 526—" A re-trial upon the testimony and the adjudication of essential facts on which a judgment is founded, by whatever name it may be called, is a trial of the facts in that cause, whether its effect be limited to ordering a new trial, or extends to the rendition of a final judgment on the facts so adjudicated ; and is inconsistent with the primary distinction drawn by the Constitution, between the jurisdiction original and appellate of courts for the full trial and adjudication of causes, and the jurisdiction of a court of last resort for correcting errors in law which may have intervened in the course of a trial."

If we correctly understand the brief of the plaintiff's counsel, a claim is made that Mrs. Dyer having received on the day of her marriage, as a wedding present from her father, his check for $5,000, her husband, Charles E. Dyer, forthwith became the legal owner of a chose in action, as statutory trustee of the personal property of his wife ; that as such trustee it was his duty to obtain possession of the check, compel its payment, and account for its proceeds ; and so, in this suit by the administrator of the wife's estate against the executor of the husband, the plaintiff, having proved the reception of the check by Mrs. Dyer, established a *prima facie* case, and the burden of proof was then on the defendant to show that Mr. Dyer did not in fact perform the duties imposed on him as trustee, in obtaining possession of the check and its proceeds ; and therefore in rendering judgment for the defendant because " the evidence fails to prove, and the court does not find therefrom, that said Charles E. Dyer ever received said check, or the proceeds thereof "—

the court, as appears from the record, applied an erroneous rule of burden of proof.

It may be true that under the law defining the property rights of these parties, Mr. Dyer might have commenced his married life by instituting a bill in equity to compel his wife to hand over to him any chose in action belonging to her. *Sherwood* v. *Sherwood*, 32 Conn. 1. But it is not true that in declining to take such course and in permitting his wife to enjoy and dispose of for her own purposes a wedding gift, he violated his duty as trustee; and if his failure to appropriate the gift is not necessarily a breach of trust, the mere fact of the gift to his wife cannot raise a presumption that he did appropriate it, sufficient to support an action against his estate thirty years after his wife's death.

The plaintiff does not even prove that Mrs. Dyer was the owner of the alleged chose in action. Her ownership, if any, was by virtue of a gift; such gift is not completed by the mere delivery of a check which remains unacted on in the hands of the payee. *Jones* v. *Lock*, L. R. 1 Ch. App. 25; *Simmons* v. *Savings Society*, 31 Ohio St. 457, 461; *Gerry* v. *Howe*, 130 Mass. 350. The plaintiff's proof ends with the delivery of the check.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.