ARTHUR P. TURNER, ADMINISTRATOR, vs. THUSA GIDMAN TURNER, EXECUTRIX.

Second Judicial District, Norwich, April Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Upon being shown a paper a witness testified that it was not in her handwriting nor was it a copy of the original which she had made setting forth the wishes of a decedent respecting the disposition of her property; nor was any evidence offered to prove that it was a copy of the original paper which the witness said she had sent to a third person. *Held* that, not having been identified, the paper was

properly excluded when offered as evidence of what the decedent had said to the witness about the disposition of her property.

Any writing may be used by a witness to refresh his recollection, provided it is used in good faith for that purpose; and it is not essential that the witness should have any knowledge of its origin or authorship.

A husband married before 1877 is not bound to assume the custody and management of his wife's personal estate simply because he is empowered to do so by § 4541 of the General Statutes. Until he chooses to exercise this right over her property as statutory trustee, it remains hers to use or give away as she pleases.

In the present case the main issue between the parties was whether a bank deposit of $1,600, of which the husband had the custody and control at the time of his decease, was held by him as statutory trustee under § 4541, as the plaintiff contended, or as an absolute gift from his wife, who predeceased him, as the defendant claimed. *Held* that under these circumstances a charge which instructed the jury that the wife's property upon marriage vested at once in her husband as trustee, coupled with the refusal to charge that the husband was under no legal obligation to exercise such authority and that the wife had the right to give her property to her husband if she desired, was erroneous and prejudicial to the defendant.

The court further instructed the jury that inasmuch as the husband was the statutory trustee of his wife, the law required the defendant to show not only the elements of a gift but, in addition, "that it was obtained fairly and without undue influence on his part." *Held* that since the relationship of trustee and beneficiary did not arise until the husband actually took possession of the fund as statutory trustee, there was no basis for this instruction which cast the burden of proof upon the defendant.

The exclusion of a question calling for the contents of a paper purporting to give the details of an interview, is harmless, if the witness afterward testifies to the interview and is cross-examined as to the contents of the paper.

Argued April 25th—decided July 27th, 1916.

ACTION to recover a sum of money owned by the plaintiff's intestate which was alleged to have been received from her by the defendant's testator, her husband, and to have been converted by him to his own use, brought to the Superior Court in New London County and tried to the jury before *Bennett, J.;* verdict and judgment for the plaintiff for $1,822, and appeal by the defendant. *Error and new trial ordered.*

*Hadlai A. Hull* and *C. Hadlai Hull*, for the appellant (defendant).

*Charles W. Comstock* and *William A. King*, for the appellee (plaintiff).

WHEELER, J. The issues pressed in argument are few and the facts of record are clear. Robert E. Turner and Mary A. Turner were married in this State prior to 1877, and subsequently resided in this State. Mrs. Turner had on deposit in a bank at Norwich on March 2d, 1906, two days before her death, $1,620.36. On March 3d it was withdrawn by her husband on an order and deposited to his account. The plaintiff claimed that Mrs. Turner did not sign this order, and that Mr. Turner took possession of this deposit as statutory trustee of his wife, upon her request that he pay their adopted son Arthur Turner $100 and take the income of the remainder during his lifetime, and that at his death the principal should be delivered to Arthur. Arthur admitted that he had received $100 from Robert E. Turner out of said $1,620.36, and, as the plaintiff administrator, claimed that Robert had converted the balance to his own use.

The defendant claimed to have shown that the order was signed by Mrs. Turner and delivered to her husband, and that the deposit, represented by said order, was given on March 2d, 1906, to her husband as an absolute gift, with the request that he pay to Arthur and his children from it a sum unknown to the defendant; and that Mr. Turner in carrying out this request gave Arthur $200 and by his will $100 in addition. The defendant claimed that although Mr. Turner had a right to take possession of this deposit as statutory trustee, he would not become the owner of the income therefrom until he had asserted such right and taken possession of the fund in the exercise of that right.

The plaintiff claimed, as matter of law, that Mr. Turner, without the exercise by any act of his right as statutory trustee, became the owner of the income of the the fund as statutory trustee.

The plaintiff administrator of Mrs. Turner's estate, after the disallowance of the claim against Mr. Turner's estate for the $1,620.36, brought this action against Mr. Turner's estate to secure its payment. The verdict of the jury decided that there had not been a gift of this sum by the wife to the husband, and from the judgment upon the verdict the administrator of the husband's estate appeals.

He claims to have been unfairly prejudiced by the argument of counsel to the jury. The claim does not justify its discussion. He also claims that errors were committed in the ruling refusing to admit Exhibit 20 for identification, and in several rulings arising in the course of this offer. The purpose for which Exhibit 20 was offered was primarily to prove what Mrs. Turner had told Mrs. Greene were her wishes in relation to her property, and secondarily to contradict Mrs. Greene as to what she said Mrs. Turner had told her. The defendant offered evidence to prove that Mrs. Turner had told her sister Mrs. Greene her wishes in regard to the disposition of her property shortly before her death, and that the following day Mrs. Greene wrote down what Mrs. Turner had told her, and after Mrs. Turner's death sent a copy of this paper to Arthur P. Turner; and that the original paper could not be found. The husband, Robert E. Turner, had been given a paper by Arthur and never returned it. Arthur testified Exhibit 20 was the paper he had given Mr. Turner. Exhibit 20 was found among the effects of Mr. Turner. Mrs. Greene, called by the defendant, testified that Exhibit 20 was not in her handwriting and that she did not know in whose handwriting it was, and that it was

not a copy of the original paper. No evidence was offered to prove that this paper was the copy sent to Arthur P. Turner by Mrs. Greene. Without this proof the proof of identification was fatally defective and the ruling excluding the offer clearly right.

After Mrs. Greene had read Exhibit 20 she was asked to read it again and see if that refreshed her recollection as to whether the statement in Exhibit 20 was made by her. The court excluded the question upon the ground that the witness knew nothing of the paper. The defendant excepted to the ruling.

Any writing may be used to refresh the recollection of a witness, unless its use under the circumstances would be improper. 1 Wigmore on Evidence, § 758. The circumstances do not indicate that its use was improper, and the court did not exclude it upon this ground but under a contrary rule. Subsequently the contents of Exhibit 20 were incorporated in questions asked the witness. The witness thus had her recollection refreshed first by her own reading of Exhibit 20 and then by these several questions. Another perusal of the paper would not have served to refresh the recollection of the witness; that had already been done. The ruling was erroneous but harmless.

Mrs. Greene was asked the contents of the paper she sent Arthur. The court, under the circumstances, did not commit harmful error in excluding this, since the interview it purported to detail was testified to, and the witness subsequently, on cross-examination, testified as to these contents.

Other questions of evidence complained of are not of sufficient consequence to be considered.

The defendant claims that the court erred in charging the jury that "the plaintiff has alleged here, as you will observe, that this couple, Robert and Mary, were married prior to April 20th, 1877, and at that time the

law was so that the wife's personal property at once upon the marriage became vested in the husband, as trustee"; and in refusing to charge that "although Robert E. Turner possessed the statutory right to take possession of the fund in question as statutory trustee thereof, and enjoy the income therefrom during his lifetime, he was under no legal obligation so to do and his wife, Mary A. Turner, possessed the right to vest in her husband, Robert E. Turner, the title in the principal of said fund."

We think the court erred in the charge given and in not giving substantially the charge as requested. This husband had the right to the income of this fund if he chose to exercise it. He had the right to the custody and management of this fund if he also chose to exercise his right. But the Act of 1849 (General Statutes, § 4541) defining the property rights of this husband in his wife's personal estate, does not require him to assume such custody. He may permit her to enjoy and dispose of it as she sees fit. *Thresher* v. *Dyer*, 69 Conn. 404, 411, 37 Atl. 979. Until he asserts his right over the fund as statutory trustee he has not appropriated its income, and it remains hers to do with as she pleases. She may use it or give it to her husband or any one else.

The court further instructed the jury that since this husband was the statutory trustee for his wife, and the husband claimed the wife had given him this fund, the law required him to show not only the elements of a gift, but "in addition, that it was obtained fairly and without undue influence on his part." Since the relationship of trustee and *cestui que trust* did not arise until the husband actually took possession of the fund as statutory trustee, there was no basis for the court's charge casting the burden of proving the fairness of the gift upon the assumed statutory trustee, and in this

particular it was necessarily erroneous. Whether, in the event that the hubsand had in fact exercised his statutory rights over this fund and held it as such trustee at the time of its alleged gift to him by his wife, the law would cast such a burden upon the husband claiming to have received the gift from his wife, does not arise in this case, and we do not consider it.

There is error and a new trial is ordered.

In this opinion the other judges concurred, except Thayer, J., who dissented.