ALBANY,
January, 1822.

FORD
v.
STUART.

---

## J. FORD *against* STUART.

<div style="margin-left:0">A judgment
may be assigned by parol, or
writing without
seal.

Where the
defendant purchased a judgment against
O., who then
held, as payee,
a promissory
note of the defendant, and
O., afterwards,
and after the
note was due,
transferred the
note to the
plaintiff: *Held,*
that the defendant might set-off the judgment in a suit
brought by the
plaintiff, on the
note.</div>

THIS was an action of *assumpsit* on a promissory note,
dated *July* 12, 1817, made by the defendant, for two hundred dollars, payable to *Obadiah Ford,* or bearer, on the 5th
day of *February,* 1818, with interest. The cause was tried
at the *Ontario* circuit, in *June,* 1821, before Mr. Justice
*Yates.* The plaintiff proved the transfer of the note to one
*Vanderbilt,* on the 16th of *April,* 1818, and by *Vanderbilt*
to him, soon after. There were three endorsements on the
note, in *February, March,* and *April,* 1818, of payments,
leaving a balance of 163 dollars and 43 cents.

The defendant, under a notice given for that purpose,
offered in evidence, by way of set-off, a judgment in the
Court of Common Pleas of *Ontario* county, against *Obadiah
Ford,* in favour of *Adrian Post,* docketted the 2d of *May,*
1817, for 118 dollars and 17 cents, and an assignment of the
same judgment to the defendant, dated the 30th of *March,*
1818. The set-off was objected to by the plaintiff's counsel,
but admitted by the Judge. The assignment was not under
seal. The plaintiff's counsel objected to the proof, on the
ground, that the judgment was not described with sufficient
certainty, and, because the assignment, not being sealed, was
not sufficient. The plaintiff proved, by *Vanderbilt,* that he
(*V.*) gave notice to the defendant, on the 17th of *April,*
1818, that he was the holder of the note, and demanded
payment; and the defendant said he had not the money,
and had purchased the said judgment, which he claimed as

a set-off against the note. The plaintiff refused to allow the set-off, and they agreed to refer it to Mr. *Campbell*, a merchant, who expressed his opinion that the judgment could not be set off. The defendant then paid the plaintiff 22 dollars, which was endorsed on the note, and he promised to pay the note as soon as he could get the money, and asked indulgence, which the plaintiff consented to give him. The defendant, afterwards, said, that he was advised the judgment could be set off, and that he would not pay any more; and the note was, afterwards, transferred by *V.* to the plaintiff. The judgment, with interest, was allowed, and deducted from the amount of the note, leaving a balance due to the plaintiff of ten dollars and 63 cents, for which the jury, under the direction of the Judge, found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial.

*Clarke*, for the plaintiff, contended, 1. That the judgment was not admissible as a set-off. It was not a case within the statute.

2. That a judgment could not be assigned by parol, or writing not under seal.

3. That the written assignment, in this case, did not describe the judgment with sufficient certainty. It merely gave the title in the margin, without specifying any particulars whatever.

4. That there was a parol submission as to the set-off, and the defendant acquiesced in the decision of the arbitrator, and, afterwards, promised to pay the note.

*J. C. Spencer*, contra. The note was past due when it was transferred to the plaintiff, who, therefore, took it subject to all the equities existing at the time between the original parties. (18 *Johns. Rep.* 495. 2 *Caines' Rep.* 368.) A judgment may be set off between the same parties. (3 *Caines' Rep.* 190. 14 *Johns. Rep.* 75.) Judgments are within the equity of the statute. An *award* may be set off. (*Burgess* v. *Tucker*, 5 *Johns. Rep.* 105.) This Court will recognize and protect the rights of assignees. (2 *Johns.*

Cases, 260. 8 *Johns. Rep.* 152.) In *Martin* v. *William,* (17 *Johns. Rep.* 330.) the Court decided, that a demand which had been assigned to the defendant before the commencement of the suit, might be set off. The assignment of a *chose in action* need not be by writing, or an instrument under seal. (*Prescot* v. *Hull,* 17 *Johns. Rep.* 284. 292.) An assignment by parol of a bond, lease, or mortgage, for a valuable consideration, and delivery, is good. (7 *Johns. Rep.* 21. 11 *Johns. Rep.* 538.) There has been all the delivery, in this case, of which the thing was susceptible.

Again ; if this was not a technical, it is, at least, an equitable assignment, and that is sufficient to entitle it to the protection of the Court. (16 *Johns. Rep.* 54. 1 *Wheat. Rep.* 235. S. C. 5 *Wheat.* 27. 7. 16. *Johns. Rep.* 54. 5 *Johns. Rep.* 118. 11 *Johns..Rep.* 488.)

*Per Curiam.* Two questions were made : 1st, Whether the assignee of the judgment had a right to set it off, against the note, if the judgment had been legally assigned? 2. Whether, as in this case, a judgment can be assigned by writing without seal. On the first point, it appears that when the defendant purchased the judgment, *Obadiah Ford* then held this note, as *payee,* against the defendant, as maker ; and it was not endorsed to the plaintiff, until several months after it was due. The plaintiff, therefore, took the note subject to all equity. We think the case of *Tuttle* v. *Beebee,* (8 *Johns. Rep.* 152.) is decisive of the right to set-off this judgment, in favor of the assignee. The only difference is, that, in that case, a bond was assigned, and in this, a judgment. We, are, also, clearly of opinion, that a judgment may be assigned without a seal. When we speak of it, in regard to its assignable quality, it is a mere *chose in action,* The set-off was, therefore, properly allowed ; and the plaintiff is entitled to judgment for the balance only, according to the verdict.

New trial refused.