Claflin v. Dawson.

* * *

CLAFLIN v. DAWSON.

SUPREME COURT.—*Assignment of Error.*—*Practice.*—An assignment of error, in the Supreme Court, on appeal, which is merely a cause for a new trial, presents no question for decision.

Claflin v. Dawson.

SET-OFF.—*Assignment.*—Where a debt, due from a plaintiff to a third person, is assigned by the latter to the defendant, not absolutely, but merely to be used as a set-off to the plaintiff's demand against the defendant, and on condition that if it can not be used, or is not allowed, as a set-off, the same shall revert to the assignor, who shall refund what he received therefor, it is not a valid set-off.

From the Warren Circuit Court.

*J. W. Sutton* and *J. McCabe,* for appellant.

*W. P. Rhodes,* for appellee.

HOWK, J.—In this action, the appellee, Charles J. Dawson, as plaintiff, sued the appellant, as defendant, in the court below, on two promissory notes.

The complaint was in two paragraphs, one counting upon a note for fifty-two dollars and fifty cents, and the other on a note for one hundred and ten dollars and seventy-five cents. Each of the notes was dated March 7th, 1871, was executed by the appellant, was payable—the first in six months, and the second in one year, after its date—to the order of one Henry C. Dawson, and each was the property of the appellee, by assignment from said Henry C. Dawson, the payee thereof. And it was alleged, in each paragraph of the complaint, that the note therein described remained wholly unpaid.

To this complaint the appellant answered in three paragraphs, each paragraph being a "partial answer," by way of set-off, against said Henry C. Dawson, the payee of the notes in suit, and the assignor thereof to the appellee.

1. In the 1st paragraph of set-off, appellant alleged, that, before the commencement of this suit, to wit, on December 25th, 1871, said Henry C. Dawson, appellee's assignor, by his note, promised to pay appellant twelve dollars, with ten per cent. interest, which remained unpaid; that appellant held said note before the notes in suit were assigned to appellee, and he offered to set off the amount due on said note against the amount due the appellee on the notes in suit.

2. In the 2d paragraph of set-off, appellant alleged, that, before the commencement of this suit, and before he had any notice of the assignment of the notes sued on to appellee, said Henry C. Dawson became indebted to appellant in the sum of two hundred dollars, on an open account for medical services rendered to said Henry C. Dawson by one Dr. Alexander Whitehall, and assigned to the appellant by said Whitehall; and the appellant offered to set off seventy dollars, the balance due on said account, against the amount due appellee on the notes in suit.

3. In his 3d paragraph of set-off, appellant alleged, that, before the commencement of this suit, and before he had notice of the assignment of the notes sued on to the appellee, there was due to appellant, and unpaid, from said Henry C. Dawson, by assignment from one William Perry, the sum of two hundred and seventy-four dollars and thirty cents, the balance before that time due said Perry from said Dawson on the sale of certain hogs by the former to the latter, and appellant offered to set off said sum against the amount due the appellee on the notes sued upon.

The appellee replied by a general denial to all the paragraphs of answer, and also by a plea of payment, by said Henry C. Dawson, of the note described in the 1st paragraph of answer, before the commencement of this suit.

The cause was tried by a jury in the court below, and a verdict was returned for the appellee, in the sum of two hundred and twelve dollars and forty-eight cents, for which sum the court rendered judgment; and, on written causes therefor, the appellant moved the court below for a new trial, which motion was overruled, and to this decision the appellant excepted and filed proper bills of exceptions.

In this court, the only error properly assigned by the appellant is the decision of the court below, in overruling his motion for a new trial. He has also assigned as er-

rors several causes for a new trial; but, under the well-settled practice of this court, causes for a new trial are not properly assignable as independent errors, and, when so assigned, they present no questions for our consideration.

The causes for a new trial, assigned by appellant in his motion therefor addressed to the court below, were as follows:

"1st. Because the court erred in instructing the jury, as set out in bill of exceptions filed herewith;

"2d. That the verdict of the jury is not sustained by sufficient evidence;

"3d. That the damages, as assessed by the jury, are excessive;

"4th. That the verdict of the jury is contrary to law."

The instruction of the court below to the jury trying the cause, complained of by the appellant in his first cause for a new trial, was as follows:

"If the jury believe, from the evidence, that the account in favor of William Perry was assigned to the defendant with a view to its use as a set-off in this action, and for no other purpose, and under and pursuant to an agreement between Perry and the defendant, that if it could not be so used, or should not be allowed to defendant as a set-off to the notes in this suit, the account was to be returned to Perry, and he was to return whatever he received for it; then the jury will not be authorized to allow defendant the benefit of the Perry account as a set-off, but, on that issue, should find for the plaintiff."

In their argument of this cause in this court, the appellant's learned counsel rely entirely upon the alleged error of the court below in giving this instruction, for the reversal of the judgment in this cause. If this instruction was right and proper, the judgment of the court below must be affirmed. But if, on the other hand, this instruction did not state the law correctly, or was not ap-

plicable to the case which the evidence tended to establish, then the judgment should be reversed.

. A set-off is a cross-action by the defendant, against the plaintiff, in an action by the latter for "money demands upon contract." Under our code, the set-off "must consist of matter arising out of a debt, duty, or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured, at or before the time it is offered as a set-off." 2 R. S. 1876, p. 62, sec. 57.

It must be so held by the defendant that he could at the time maintain an independent action therefor as plaintiff. Waterman Set-Off, page 3, *et seq.* Therefore, under the 3d section of the practice act, the party who pleads a set-off must be "the real party in interest" in the matter of such set-off. 2 R. S. 1876, p. 33. And he must prove the same facts in support of his set-off as if he himself were plaintiff in another action. Peake's Law of Ev., Am. ed., p. 253.

In this case, there was evidence before the jury tending to show that the account in favor of William Perry, pleaded as a set-off in the 3d paragraph of the answer, had been assigned by Perry to the appellant, with a view to its use by the latter as a set-off in this action, and for no other purpose. Perry's evidence on the trial was, . "If Claflin," the appellant, "can't collect the claim in this suit, or use it to pay the notes sued on, I am to refund him what he gave me on it."

It seems to us, therefore, that the instruction complained of by the appellant was applicable to the case which the evidence tended to establish; and we do not doubt that the instruction contains a fair and correct statement of the law applicable to such case. The assignment by Perry, to the appellant, of his claim against . the appellee's assignor, was not absolute, nor made in good faith. It was an attempted transfer of the claim in question by Perry, to the appellant, for one specific purpose. As to all other purposes, the claim remained the

property of Perry. Under the evidence of Perry, the appellant could not have maintained an independent action on the account assigned to him. Perry was, and the appellant was not, "the real party in interest" in said account. It would be a strange perversion, as it seems to us, of the equitable grounds in which the law of set-off had its origin, to give judicial sanction to the appellant's claim in this case to set off the Perry account against the appellee's cause of action. The appellant never "held" the account assigned to him by Perry as the actual and unqualified owner thereof; and, as we construe the provisions of our code on the subject of set-off, the object and purpose thereof were the protection and defence of the *bona fide* owners of cross-demands. In the case of *Lewis* v. *Sheaman*, 28 Ind. 427, it was said by this court, of the provisions of the practice act on the subject of set-off, that "the purpose of the statute was to protect those who acquired an actual right to the set-off, before notice, and that it is not a device to enable strangers to enforce their obligations against the assignor." *Swift* v. *Ellsworth*, 10 Ind. 205; and see, also, the case of *Straus* v. *The Eagle Insurance Company*, 5 Ohio State, 59.

In our opinion, the court below committed no error in this case, in overruling the appellant's motion for a new trial.

The judgment of the court below is affirmed, at the costs of the appellant.