## WILLIAM W. OLMSTEAD vs. LEVI SCUTT.

New Haven Co., Dec. T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

It is a fundamental principle of the law of set-off that the demand must be due the party in his own right, either as original creditor or as assignee. The ownership must be such that the party could bring a suit upon it in his own name as plaintiff, and would be entitled to the · avails recovered for his own use and benefit.

A defendant pleaded a set-off of a claim held by him by assignment, and it appeared that the assignment authorized the assignee " to collect the debt in his own name, and account to the assignor for the amount actually collected," and that he was to " re-assign to him any balance that might remain uncollected." There was no consideration for the assignment, and the sole object of it, as understood by both parties, was to enable the defendant to make use of the claim as a set-off against the suit of the plaintiff, if one should be brought. Held that the defendant had not such an interest in the assigned claim as entitled him to the set-off.

[Argued March 11th—decided April 13th, 1887.]

ACTION to recover a balance due on account; brought to the Superior Court in New Haven County. The defendant

pleaded a set-off, which the court (*Torrance, J.,*) allowed, and rendered judgment for the plaintiff for the balance of his claim after deducting the counter-claim. The plaintiff appealed. The case is fully stated in the opinion.

*J. W. Webster* and *J. O'Neill*, for the appellant.

*W. Cothren* and *W. H. Williams*, for the appellee.

LOOMIS, J. The complaint in this case was brought to recover a balance due on account. A committee to whom the matter was referred found there was due from the defendant to the plaintiff the sum of $681.47, over and above all legal offsets, subject however to whatever legal right the defendant might have to set off a claim, amounting to $531.83, which William Cothren had against the plaintiff, and which he, before the commencement of this suit, assigned to the defendant by writing as follows:

"*Woodbury*, February 21, 1882.

"For value received, I hereby sell and assign to Levi Scutt, of Southbury, the balance of accounts on book due me against Wm. W. Olmstead, of said Southbury, in the sum of two thousand dollars; authorize him to collect the same in his own name, account to me for the amount actually collected, and re-assign to me any balance that may remain uncollected.                    WILLIAM COTHREN."

Notice was given the plaintiff before he commenced his suit. There was no consideration for the assignment, and the sole object of it, as understood and agreed between Cothren and the defendant, was to enable the defendant to make use of the same as a set-off and counter-claim against the suit of the plaintiff, should one be brought.

The court below allowed the defendant to set off this bill and thereby reduced the plaintiff's claim by that amount, and this presents the sole question for review in this court.

Did the defendant have such an interest in the Cothren claim as entitled him to a set-off? We are constrained to answer in the negative.

One of the first and fundamental principles of set-off is, that the demand must be due the party in his own right, either as original creditor or as owner by assignment. The ownership must be such as to stand these two tests:—1st. Could he bring a suit in his own name as plaintiff? 2d. If he could, would the avails recovered be for his own use, pleasure and benefit? 2 Parsons on Contracts, (5th ed.,) top page 737.

Either of these tests will show that the principle of set-off was misapplied by the court.

1. Could the defendant at the time have maintained an independent action in his own name as plaintiff?

As the claim in question was non-negotiable, the statutory requisites must exist, that is, the defendant must be shown to be "the assignee and equitable and *bonâ fide* owner." Gen. Statutes, p. 417, sec. 6.

The defendant is neither an equitable nor a *bonâ fide* owner. The most that his counsel (who was also the assignor) claims for the transaction in his brief is, that "it was in point of fact a chose in action *loaned* by Cothren to the defendant to aid him in paying the plaintiff's claim." But how can a mere loan of a chose in action change the title, nothing being paid for it or agreed to be paid? Suppose the defendant had brought his independent action against the present plaintiff, and had set forth, in compliance with the terms of the statute, not only that he was the actual, *bonâ fide* owner, but that the claim was loaned to him without consideration for the sole purpose of enabling him to bring a suit thereon, and to pay over to the assignor all the avails of the suit and to re-assign it if not collected, would not the complaint be demurrable?

The case is no stronger as a set-off, for it is a fundamental principle that the party must prove precisely the same facts to sustain the set-off, as he would if he had brought his action upon the claim. Waterman on Set-off, § 44; *Gorham* v. *Bulkley*, 49 Conn., 91.

2. The second test, that the avails when recovered must be for the party's own use, pleasure and benefit, shows

with equal certainty that the allowance of the set-off was erroneous.

The written assignment is restrictive in its terms. The defendant under it could not have sold the claim; he had only the right to collect it and account for the proceeds, and re-assign it if uncollected, or to the extent that it was uncollected. Then, the oral agreement states the sole object of the assignment, to make use of it as a set-off against the suit of the plaintiff.

In the light of these tests the debt attempted to be set off did not of right belong to Scutt at all, but to Cothren alone, and to allow the set-off we must wrest the statute from its equitable foundation and purpose of protecting an actual honest right of the defendant, and convert it into a mere device to enable a stranger to the suit to enforce his obligations against the plaintiff. The principles recognized by this court in the cases of *Fitch* v. *Gates*, 39 Conn., 366, and *Bixby* v. *Parsons*, 49 Conn., 483, strongly condemn such a misapplication of the doctrine of set-off, but we cite from other jurisdictions several cases precisely analogous in principle to the case at bar.

In *Claflin* v. *Dawson*, 58 Ind., 408, the complaint was to recover the amount of two promissory notes, executed by the defendant and belonging to the plaintiff by assignment from the payee. The defendant pleaded a set-off by an assignment of a debt from one Perry against the payee of the notes before suit and before there was any notice of the assignment to the plaintiff of the notes in suit. The question for review arose upon the charge to the jury on this point, which was as follows:—"If the jury believe that the account in favor of William Perry was assigned to the defendant with a view to its use as a set-off in this action, and for no other purpose, and under and pursuant to an agreement between Perry and the defendant, that if it could not be so used, or should not be allowed to the defendant as a set-off to the notes in this suit, the account was to be returned to Perry, and he was to return whatever he received for it; then the jury will not be authorized to allow the defen-

dant the benefit of the Perry account as a set-off, but on that issue should find for the plaintiff." Howk, J., in giving the opinion said:—" Under our code a set-off 'must consist of matter arising out of a debt, duty, or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured at or before the time it is offered as a set-off.' 2 R. S., 1876, p. 62, sec. 57, * * * In this case there was evidence before the jury tending to show that the account in favor of Perry, pleaded as a set-off, had been assigned by Perry to the appellant with a view to its use by the latter as a set-off in this action, and for no other purpose. * * * It seems to us, therefore, that the instruction complained of by the appellant was applicable to the case which the evidence tended to establish, and we do not doubt that the instruction contains a fair and correct statement of the law applicable to such a case. The assignment by Perry to the appellant of his claim against the appellee's assignor was not absolute, nor made in good faith. It was an attempted transfer of the claim in question by Perry to the appellant for one specific purpose. As to all other purposes the claim remained the property of Perry. * * The appellant could not have maintained an independent action on the account assigned to him. Perry was, and the appellant was not, 'the real party in interest' in the account. It would be a strange perversion, as it seems to us, of the equitable grounds in which the law of set-off had its origin, to give judicial sanction to the appellant's claim in this case to set off the Perry account against the appellee's cause of action. The appellant never held the account assigned to him by Perry as the actual and unqualified owner thereof; and, as we construe the provisions of our code on the subject of set-off, the object and purpose thereof were the protection and defense of the *bona fide* owners of cross demands."

It is too manifest to require discussion that the forcible reasoning contained in this opinion is all equally adapted to the case at bar.

In *Straus & Brother* v. *Eagle Ins. Co.*, 5 Ohio St., 59, the court, Ranney, J., delivering the opinion, said (p. 66): " A

set-off can only be allowed for such claims as in good faith and absolutely belonged to the party at the commencement of the action ; and it does not extend to claims purchased conditionally, for the purpose of using them as a set-off, and with an agreement to return them to the seller if they are not so used. The statute was designed to avoid circuity of action, by enabling the defendant to obtain the benefit of his own just claims against the plaintiff ; but it would be a fraud upon it to allow him, in anticipation of a lawsuit, to get the use merely of the claims of others, with which to defeat his adversary."

In Waterman on Set-off, (2d ed.,) § 59, it is said :—" As a set-off can in general only be allowed for such claims as in good faith belonged to the party at the commencement of the action, it follows that it does not extend to claims purchased conditionally for the purpose of using them as a set-off, and with an agreement to return them to the seller if they are not so used." Citing *Adams* v. *McGrew*, 2 Ala., N. S., 675, and *McDade* v. *Mead*, 18 id., 214.

The judgment complained of was erroneous and is reversed.

In this opinion the other judges concurred.