## KINNEY v. UNITED STATES.

### (Circuit Court D. Connecticut. April 4, 1894.)

1. **UNITED STATES MARSHALS—PER DIEM—ATTENDANCE ON COURT.**
   A marshal is entitled to his per diem when, in obedience to an order of court directing an adjournment to a certain day, he is present upon that day, the journal is opened by the clerk, and the court is then adjourned to another day by direction of the judge. 54 Fed. 313, overruled. U. S. v. Pitman, 13 Sup. Ct. 425, 147 U. S. 669, followed.

2. **JURY COMMISSIONERS—COMPENSATION—DEFICIENCY BILLS.**
   The office of jury commissioner was created by the act of June 30, 1879, but no compensation was attached thereto until the act of July 7, 1884. In the deficiency bills of March 30, and October 19, 1888, there were items appropriated to the payment of jury commissioners, but they did not state that they were to apply to any particular years. *Held,* that they applied only to the current year, and could not inure to the benefit of one who served as jury commissioner in 1882, 1883, and 1884.

3. **SAME.**
   The person so serving was not entitled to payment, independent of appropriations, on the ground that such services were part of the miscellaneous expenses of courts, for the imposition of a service of this character upon an individual gives rise to no implied obligation to pay for it, in the absence of specific provision therefor.

4. **SAME—LIMITATION OF ACTIONS—RUNNING OF STATUTE.**
   A United States marshal who retains in his hands money belonging to the United States would have no right, when sued therefor, to a set-off or counterclaim for money claimed to be due him for services rendered as a jury commissioner; and therefore the fact that the government delayed suing him would not prevent the statute of limitations from running as against his demand.

5. **SAME.**
   The fact that one having a claim for services rendered as a jury commissioner had no right to sue the government in the circuit courts prior to the act of March 3, 1887, did not prevent the statute of limitations from running against his claim prior to that date, for he might at any time have presented it to the court of claims.

This was an action by Sarah T. Kinney, as administratrix of John C. Kinney, for services and disbursements by him as United States marshal and as jury commissioner. Judgment was rendered for plaintiff for part of the items claimed (54 Fed. 313), but was reopened as to certain items.

Lewis E. Stanton, for plaintiff.

Geo. P. McLean, U. S. Atty.

TOWNSEND, District Judge. This case has already been heard, and a judgment rendered in favor of the plaintiff. 54 Fed. 313. Upon motion of the United States district attorney, the judgment was opened to permit the introduction of additional testimony as to certain items of the account.

It now appears that items amounting to $108.17, allowed in that judgment, had been already credited to the plaintiff's decedent on other accounts, and that, therefore, said amount should be deducted from the amount of the previous judgment.

The court, following the rulings in similar cases in other circuits, disallowed an item of $20, charged for per diems in court on the former hearing, because it did not appear that business was actually transacted in court on the days for which said charges were made; but since that decision it has been held in U. S. v. Pitman, 147 U. S. 669, 13 Sup. Ct. 425, that marshals are entitled to such per diems when the court is actually in session, and that it is so in session when, in obedience to an order of the court directing its adjournment to a certain day, the officers are present upon that day, the journal is opened by the clerk, and the court is adjourned to another day by further direction of the judge. This case seems to be controlling upon the facts in regard to this item, and it is therefore allowed.

Another item of $21.40 in the above account was for blanks furnished by the marshal for the use of the United States district attorney. Upon the former hearing it appeared that said charge had been disallowed by the United States, and that the plaintiff's intestate had acquiesced in such disallowance; but, inasmuch as by the decision in U. S. v. Harmon, 147 U. S. 268, 13 Sup. Ct. 327 (rendered since the former hearing), such charges are distinctly allowable, they should be allowed in this case.

Plaintiff further claims the sum of $405, for services rendered by decedent as jury commissioner during nine periods of six months each from his appointment, August 4, 1882, until July 1, 1887; being nine days for each six months, or three days for each term of court. The government denies liability for the years 1882, 1883, and 1884, and also pleads the statute of limitations as to said years. The appointment of jury commissioners was authorized by section 2, Act June 30, 1879 (21 Stat. 43), but no provision was made for compensation until the act of July 7, 1884 (23 Stat. 194, 224). By this act five dollars per day was allowed for each day of actual and necessary employment, not exceeding three days for each term of court. Similar appropriations have been annually made since that date.

Plaintiff claims that the deficiency bills of March 30, and of October 19, 1888 (25 Stat. 47, 57, 565, 582), cover the years 1882, 1883, and 1884. These bills provide for "appropriations to supply deficiencies in the appropriations for the fiscal year ending June 13, 1888, and for prior years, and for other purposes." The items appropriated in these bills for compensation of jury commissioners do not state that they are to apply to any particular year. The plaintiff claims that there is therefore no limitation upon their application to any year in which a deficiency may be found to exist. But the government claims that a construction has always been placed upon these deficiency bills, to the effect that, where no year is appended to an appropriation, it applies only to the current year. An examination of said bills indicates

that this was the construction intended by congress. In cases where an appropriation is made in said bills for a specific year, such year is prior to the fiscal year ending June 30, 1888. The general character of the appropriations where no specific year is named indicates that they are for the fiscal year ending June 30, 1888. In several cases several appropriations for the same object are provided for in separate sections, the first not naming any specific year, while each of the following ones is confined to a prior year, specifically named. Furthermore, as no compensation was fixed when the office was created, and no per diem is suggested or stated in the deficiency bills, it would seem that, at most, it could only be intended to apply to such prior years as to which a rate of compensation had been fixed.

Plaintiff claims, irrespective of said deficiency acts, that she is entitled to payment for said services as part of the miscellaneous expenses of courts. I think that such was not the intention of congress, as evidenced by subsequent deficiency acts, appropriating money specifically to pay jury commissioners. Furthermore, this was a new office, without any specified emoluments. In the absence of a special provision to that effect, I do not think that the right to compensation, and the right of appropriation from a particular fund hitherto devoted to other purposes, can be maintained under such circumstances. Where a service of this character is imposed upon an individual, while it is his duty to perform it, no obligation is implied on the part of the government to grant any compensation therefor, except where specific provision is made for the payment of such compensation. Dunwoody v. U. S., 23 Ct. Cl. 82; White v. Levant, 78 Me. 568, 7 Atl. 539.

In view of these conclusions, it seems unnecessary to discuss the effect of the statute of limitations, but, for the purpose of a full presentation of the case, it has seemed desirable briefly to consider it. Counsel for plaintiff argues that said statute does not apply to said claims, for the following reasons:

First. The government left $1,094 of its money in the hands of deceased until June 17, 1889, and the suit was brought in 1891. The statute does not run against an officer of the United States while he holds its money in his hands, because the government has the right to sue him therefor, and, not having done so, he does not lose his right to recovery by his failure to sue. This claim, whether it proceeded upon the theory of mutual accounting or of set-off, overlooks the facts in this case. The money belonging to the United States was received and held by the deceased as United States marshal, for services and disbursements due, or thereafter to become due, to him as such marshal, and in no other capacity. The sum claimed in this action has no reference to his position as marshal of the United States, but is for services rendered by him as a jury commissioner, appointed under said act of June 30, 1879, which provides for the appointment, by the judge of said court, of a citizen to act as jury commissioner with the clerk of the court. No provision is made under said act for any salary or compensation for the services rendered by such

commissioners. It is well settled that there can be no set-off except where the debts are mutual, and that they are not mutual unless the demand be due the party in his own right, or unless the parties stand in the same relation to each other. Harris v. Taylor, 53 Conn. 500, 2 Atl. 749; Olmstead v. Scutt, 55 Conn. 125, 10 Atl. 519. This distinction, and its application to the statute of limitations, is recognized in the case of U. S. v. Clark, 96 U. S. 37, cited by plaintiff, where the court says, at page 43:

"We think it is a principle of general application that, so long as a party who has a cause of action delays to enforce it in a legal tribunal, so long will any legal defense to that action be protected from the bar of the lapse of time, provided it is not a cross demand, in the nature of an independent cause of action."

Second. The plaintiff further claims that this suit is not barred, because it was brought within four years after the right accrued; it being claimed that the right of action was granted by the act of March 3, 1887 (24 Stat. 505). This statute provides that no suit against the government shall be allowed, unless the same shall have been brought within six years after the right accrued for which the claim is made. The second section of the act simply gives this court concurrent jurisdiction with the court of claims. But prior to the passage of said act there was nothing to prevent the decedent from presenting his claim for services, if he had any, to said court of claims, as soon as the services were rendered. Rev. St. § 1059. It would seem, therefore, that it would be barred in either court. Cross v. U. S., 4 Ct. Cl. 271. Furthermore, the construction contended for by plaintiff would make the statute operate to revive all claims arising since the adoption of the constitution of the United States. This is clearly not the intent of the statute.

It appears from the complete statement, now submitted by the government, that the sum of $406.02 had been paid the late marshal by the United States, upon the account, which payment was not known to the parties at the former trial, but is now admitted. Deducting this item, together with the $108.17 above stated, from the amount of the former judgment, and the balance would be $579.29. The items of jury commissioner fees now allowed, to-wit, $270, blanks, $21.40, and per diems, $20, added to the above balance, amount to $890.69, for which sum judgment may be entered in favor of the plaintiff.