# RALPH E. SPRIGG

## v.

# CAROLINE GRANNEMAN, ADMINISTRATRIX.

*Negotiable Instruments—Note—Set-off—Conditional Purchase of Claims —Evidence.*

1. The set-off of a note assigned conditionally for the purpose of using it as a set-off, with an agreement to return it to the assignor if not so used, will not be allowed.
2. Nor will a judgment recovered on the note so assigned be allowed as a set-off.
3. The interest of the assignor of such note does not affect his competency as a witness for defendant, where the assignee is dead and the suit in which the judgment is sought to be set off is by his administratrix.

[Opinion filed August 27, 1890.]

APPEAL from the Circuit Court of Randolph County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

On August 24, 1888, Louis Granneman filed his bill for injunction in the court below, making Campbell, as sheriff. William Mulholland and Margaret Mulholland, defendants, It is alleged in said bill that complainant recovered judgment against the Mulhollands for $162.66 and costs at the March term, 1886, of said court, which judgment is in full force and unpaid. That execution thereon was duly issued April 12, 1886, and returned by the sheriff "*nulla bona*" July 10, 1886, and an *alias* execution thereon was duly issued to the sheriff August 20, 1888, and he still holds the same. That Margaret Mulholland recovered judgment against complainant for $150 and costs at the March term, 1888, of said court, on which judgment execution was duly issued and delivered to Campbell as sheriff, who threatens to and will levy the same on complainant's property unless restrained by the order of the court. That William Mulholland is wholly insolvent. Offers to set off in full complainant's judgment against that of

Margaret Mulholland, and alleges unless he is allowed to do so he will suffer great delay and unnecessary expense in the collection of his said judgment. That the indebtedness upon which said judgment against the Mulhollands was rendered was incurred solely upon the ability of said Margaret to pay. Prays that Campbell, the sheriff, be enjoined from levying said execution upon complainant's property, and that said Margaret be enjoined from proceeding to collect her judgment; that complainant's judgment be set off and allowed against said judgment and execution of Margaret Mulholland in full satisfaction thereof and for general relief, and answer under oath is waived. The writ of injunction was issued as prayed for and duly served on said defendants.

At the March term, 1889, defendants answered, admitting the recovery of said judgments and issuing of executions thereon as alleged. Denying that the indebtedness upon which complainant's judgment was rendered was incurred solely upon the ability of Margaret to pay. Denying every other allegation in said bill not expressly admitted or denied. Denying complainant's right in law or equity to set off his said judgment as claimed by him. Averring that prior to the filing of said bill and on the date of said judgment against complainant, it was assigned by Margaret to Ralph E. Sprigg for $100 in cash and an attorney's fee theretofore due him by assignment of record, of which assignment complainant had full notice. Defendants expressly disclaim any interest or title in or to said judgment, but aver the same is the property of Sprigg and had been his property long before said bill was filed. At the same March term appellant, upon his own petition setting up his right as assignee, was made a defendant and filed his answer. The answer admits the obtaining of said judgments and issuing of the executions thereon as alleged in the bill. That the same remain in full force and effect. Avers that on March 31, 1888, Margaret Mulholland, in writing upon the records of said court, assigned her said judgment to him for a valuable consideration, and the same is now held and owned by him. That he notified complainant of the said assignment and demanded of

him payment of said judgment and complainant promised to pay the same and asked respondent to delay issuing an execution thereon. Denies the indebtedness for which complainant's judgment was obtained, was incurred solely upon account of said Margaret's ability to pay. Alleges complainant's judgment against the Mulhollands, sought to be set off, was recovered upon a promissory note assigned to complainant by one A. H. Burlingame without consideration, upon an agreement and understanding between them, that complainant was to pay Burlingame one-half of whatever amount he might thereafter collect from said note and no payment was to be made for the same until a collection of said note or part thereof was made. Denies all other allegations of the bill not admitted by his answer and denies complainant had at the time of filing his bill, any demand against the judgment so owned by respondent, that was a proper matter of set-off either in law or equity against said judgment.

On September 9, 1889, upon suggestion of the death of Louis Granneman, his administratrix, Caroline Granneman, was substituted as complainant. The bill was amended by alleging appellant claimed some right or interest as assignee or otherwise, but insists whatever rights or interests he may have in or to said judgment of Margaret against Louis Granneman were acquired with full knowledge of the interests and rights of said Louis, and are also subordinate to complainant's rights and interests. The foregoing answers were refiled to the amended bill, replications were interposed, and the cause was heard upon these pleadings, the admissions of the parties, and evidence introduced in open court. By the decree the court finds the allegations of the bill and amendment true in substance, and that the equity of the case is with complainant. The judgment of Granneman against the Mulhollands is ordered and decreed to be set off in full satisfaction of the judgment against him; both judgments ordered and decreed canceled, as satisfied in full; the injunction made perpetual, and defendants Margaret Mulholland and Ralph E. Sprigg decreed to pay the costs. From this decree Sprigg took this appeal.

Messrs. J. J. MORRISON and H. C. HORNER, for appellant.

Messrs. WILLIAM HARTZELL and J. B. SIMPSON, for appellee.

GREEN, J.   It was admitted on the hearing that defendant
Campbell had the execution against Louis Granneman, and
was seeking to levy the same at the time the injunction was
sued out, and that both the Mulhollands are, and when the
suit was commenced were, insolvent.   It was further admitted
that Margaret Mulholland, under a distress warrant, seized
property in the hands of Louis Granneman, who, at *the
December term, 1885,* brought replevin suit for the property,
was defeated, and judgment against him and for the return of
the property was rendered *May 11, 1887.*   On August 25,
1887, Margaret Mulholland brought suit against Granneman
to recover the value of the grain by him replevied, which he
had not returned as ordered by the judgment of the court in
the replevin suit.   While the replevin suit was yet pending,
and some time *in 1886,* Granneman called on one A. H. Burlin-
game and asked him if he had a note on the Mulhollands, and
learning he had such a note, proposed to take it, and if he beat
*this Mulholland* he would give Burlingame fifty cents on
the dollar for it, and if he couldn't do anything with the note
and gain the case, he was to return the note to Burlingame.

In this interview Granneman disclosed to Burlingame the
fact that he had some difficulty with *Mrs.* Mulholland con-
cerning some grain, and she had sued him or was about to sue
him for the grain, and he was going to make an offset of the
note.   Burlingame thereupon assigned the note to Granne-
man without recourse, upon the terms and conditions pro-
posed, and received no consideration therefor.   The note was
for $125.27, dated June 16, 1882, and was payable in four
months, with eight per cent interest.   Granneman, having
thus procured this note, at once brought suit on it, and at the
March term, 1886, of said Circuit Court, recovered the judg-
ment against the makers sought to be allowed as a set-off in
this case.   Afterward, in the said suit of Margaret against
him, Granneman, among other defenses, pleaded this judg-
ment as a set-off, and by another plea set up *the note assigned*

*to him* as a set-off. To these pleas demurrers were sustained, and on the trial plaintiff recovered her said judgment. From the facts proven we are satisfied that when Granneman procured the assignment of the note to him, it was solely for the purpose of using it as a set-off against any claim of Margaret Mulholland for the grain unlawfully taken by him, and in anticipation of his probable defeat in the pending replevin suit and the litigation likely to result therefrom. This purpose was understood by Burlingame at the time he assigned the note. No sale of the note was in fact made, nor was it understood or intended by the parties to be a *bona fide* sale of the note to Granneman. The device of assigning the note to give the transaction an appearance of a sale and transfer did not change its real character. The form of the pretended purchase unexplained might evidence a real sale and transfer, but the *bona fides* with which a set-off is created is always a legitimate subject of inquiry. Fair v. McIver, 16 East, 131.

Nor did the merging of the note in the judgment against the Mulhollands, remove the taint which attached to the original transaction. It was but another step taken to accomplish the real purpose of the parties, which was to use *the debt due Burlingame*, as a set-off against the legal claim of a person for her property unlawfully taken by Granneman. The law applicable to the facts in this case, as we understand it, forbids the allowance of the set-off claimed by the appellee and decreed by the court below. "As a set-off in general is only allowed for such claims as in good faith and absolutely belonged to the party at the commencement of the action, it follows that it does not extend to claims purchased conditionally for the purpose of using them as a set-off and with an agreement to return them to the seller if they were not so used. It would be a fraud upon the statute to allow the defendant in anticipation of a law suit to get the use merely of the claims of others, with which to defeat his adversary." "An indorsement of a note by the payee to one with the understanding if he can use it as a set-off to a demand held against him by another, he is to pay the amount, otherwise it is to be returned to the payee, does not confer on the assignee such a property

in the note as will enable him to use it as a set-off against such demand." Waterman on Set-off, Sec. 45, citing Straus v. Eagle Ins. Co., 5 Ohio (N. S.), 59 ; Adams v. McGrew, 2 Ala. (N. S.) 675; McDade v. Mead, 18 Ibid. 214.

We perceive no equitable grounds precluding the application of the foregoing rules to the case at bar, or requiring us to permit Granneman's judgment against the Mulhollands to be used as a set-off against the judgment which is shown by the records to have been duly assigned, " for value rec'd " to Ralph E. Sprigg, and thus deprive the latter of the benefit of his purchase. We are also of the opinion that Burlingame was a competent witness and his testimony proper to be considered. He was not a party to the suit and his interest in the event of the suit, if he had any, was against the defendants, and not adverse to the complainant. Other points are raised in the briefs and arguments not necessary to discuss or decide, inasmuch as we think enough has been said, if our view is correct, to dispose of the case.

The order and decree of the Circuit Court is reversed and the cause remanded with directions to dissolve the injunction and dismiss the bill as amended.

*Reversed and remanded with directions.*