## Delmont N. Felthousen, Appellee, v. Lanward Publishing Company, Appellant.

### Gen. No. 15,290.

SET-OFF—*claims acquired after assignment.* After assignment of a contract and notice of such assignment to the other party, such other party has no right to purchase claims against the assignor of such contract and interpose them as against the assignee.

Appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed January 6, 1911.

FASSETT & ANDREWS, for appellant.

FRANK W. SWEET and WILLIAM E. CLOYES, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The material question presented on this record is the right of appellant, defendant below, to set off against the plaintiff as assignee of a contract for the payment of money, any off sets or counter claims in favor of the debtor against the assignor of the contract, created or acquired after notice to the debtor of the assignment.

The evidence in the record shows, without controversy, that on April 1, 1908, there was due to Charles I. Felthousen, the assignor, under a contract with appellant for commissions dated August 26, 1907, the sum of $398.30; and that on April 9, 1908, Charles I. Felthousen, for a good consideration, assigned to Delmont N. Felthousen, the plaintiff, all moneys due him under the contract. The plaintiff, appellee, served the assignment on appellant on April 14, 1908. On June 17, 1908, appellant procured an assignment from Estelle C. Woodward, executrix, of her claim as executrix against Charles I. Felthousen, in consideration of a promissory note given by appellant to the executrix for $2,800, with the understanding at the time be-

tween Mrs. Woodward and appellant that she would protect appellant against any loss it might sustain by having taken the assignment and given the note for it. Notice of this assignment was given to Charles I. Felthousen June 18, 1908. When this action was brought by the assignee under the first named assignment, it was attempted to set-off the claim assigned by the last named assignment of Mrs. Woodward to appellant against the claim sued on. The trial court disallowed the set-off and entered judgment for the plaintiff for $398.30, the amount admitted to be due the plaintiff's assignor for commissions.

In thus holding the court did not err. Appellant had no right at law to interpose its claim as a set-off to appellee's demand. Appellant's claim was purchased after notice of appellee's assignment for the purpose of interposing it as a defense against appellee's demand. The law is well settled that appellant had no right, after notice, to go out and purchase claims against appellee's assignor and interpose them as a defense. Pettis v. Westlake, 3 Scam. 535; Ellis v. Cothran, 117 Ill. 458; Ewen v. Wilbor, 99 Ill. App. 132; Sprigg v. Granneman, 36 Ill. App. 102.

To the issues raised in this action at law the authorities cited on behalf of appellant have no application. In a bill in equity to set aside fraudulent conveyances or transfers on behalf of a proper complainant the authorities cited would be applicable.

The judgment is affirmed.

*Affirmed.*