JOHNSON, Appellant, v. PETERSON, Respondent.

(154 N. W. 443.)

(File No. 3786. Opinion filed October 18, 1915. Rehearing denied.)

**Actions—Counterclaim—Conditional Assignment of Judgment After Counterclaim—Bona Fides of Transfer.**

Where defendant sought judgment against plaintiff under an alleged counterclaim consisting of a judgment assigned to him, held, that, it appearing that the assignment was forwarded to defendant by the owner, upon a proposition that he use it against the plaintiff in settlement of a cause of action then pending between plaintiff and defendant, but that if he could not so use it it should be returned to the owner, the defendant was not a bona fide assignee of the judgment, and it was error in the trial court to render judgment thereon as a counterclaim.

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by Elmer G. Johnson against Ole Peterson; defendant counterclaiming. From a judgment for defendant on a counterclaim, plaintiff appeals. Reversed.

*Cull & Wood*, for Appellant.

No appearance on behalf of Respondent.

Appellant cited:

Simpson v. Jennings, 19 N. W. 473; Strauss v. Ins. Co., Ohio St. 59; 23 Cyc. 753-4, 1483; Arnold v. Johnson, 28 Howard Pr. 249; Lewis v. Sheaman, 28 Ind. 427; Am. Dig. Cent. Ed. Vol 18 "Set-off," Sec. 52; 22 Am. & Eng. Enc. 457; Jones v. Chalfant, 55 Cal. 505; 43 Cent. Dig. 3270; Gilman v. Van Slyck, 7 Cowan 469.

WHITING, J. Plaintiff brought this action to recover upon

a promissory note. Defendant pleaded, as a counterclaim, a judgment against the plaintiff which he alleged had been assigned to him. The facts in relation to this counterclaim were stipulated by the parties. The cause was tried before the court without a jury; the court made findings in favor of the plaintiff so far as plaintiffs cause of action was concerned, but found for the defendant upon the counterclaim. From the judgment entered upon such findings and from an order denying a motion for a new trial, plaintiff has appealed, and he assigns as error that part of the conclusions of law and judgment of the court wherein the court found in favor of defendant on the counterclaim.

The nature of the alleged assignment is clearly shown by the following extract from a letter written by the owner of such judgment to the defendant. The letter states:

"Mr. Beardsley requests that we forward this assignment to you and that you will have your attorney make an effort to use this assignment against Mr. Johnson in the settlement of the note transaction which you have with him. It is understood that in the event that your attorney finds it impossible to handle this matter in accordance with our proposition that you are to return to us the inclosed assignment. If your attorney can use this against Mr. Johnson we will be glad to receive your check for $275 when the transaction is complete."

Appellant correctly contends that the defendant was not a bona fide assignee of the judgment pleaded as a counterclaim, and that it was error in the court to give him judgment on such counterclaim. The well-established rule of law recognized by all authorities is thus stated in 34 Cyc. 753:

"Claims offered in set-off by a defendant who has purchased them must be owned by defendant in good faith, and must be actually, and not colorably, purchased, and a demand assigned conditionally for the purpose of being used by the assignee as a set-off, with an agreement that it be returned if not so used, cannot be used as a set-off to a valid claim against the assignee, nor will a judgment on such a claim be allowed as a set-off; and a conditional assignment without consideration of a claim against plaintiff is not good either as a set-off or counterclaim."

The rule so announced in Cyc. is fully sustained by the following authorities: Gump v. Goodwin, 172 Pac. 276, 33 Atl. 686;

Olmstead v. Scutt, 55 Conn. 125, 10 Atl 519; Waterman on Set-Off (2d Ed.) § 59; Straus & Bro. v. Eagle Ins. Co., 5 Ohio St. 60; Arnold v. Johnson, 28 How. Prac. (N. Y.) 249; Sprigg v. Granneman, 36 Ill. App. 102.

The judgment and order appealed from are reversed.